UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GARY G. GOAD,

       Petitioner,
 v.                  9:19-CV-0965
                      (MAD/DJS)

EARL BELL, Superintendent,

       Respondent.

---

APPEARANCES:              OF COUNSEL:

GARY G. GOAD
Petitioner pro se
00-B-1049
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA JAMES          DENNIS A. RAMBAUD, ESQ.
Attorney for Respondent         Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

  Petitioner seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Affidavit ("Aff."). On September 3, 2019, respondent was directed to answer the petition. Dkt. No. 7, Decision and Order dated 09/03/19.

  On October 21, 2019, the Court received petitioner's subpoena to produce documents and other various information. Dkt. No. 11, Subpoena. On October 23, 2019, the Court

denied petitioner's motion without prejudice as premature.  Dkt. No. 12, Text Order dated 10/23/19 ("October Order").  Specifically, the Court explained that it is the respondent's responsibility to "submit all relevant portions of the state court records with [the] . . . answer [and i]f, after examining respondent's submission, petitioner still s[ought] documents that [we]re not contained [there]in . . . [he could] file a motion for discovery[.]"  *Id.*

On December 20, 2019, respondent timely answered the petition.  Dkt. No. 16, Answer; Dkt. No. 16-1, Memorandum of Law in Opposition; Dkt. No. 16-2, State Court Record ("SCR").  On December 26, 2019, the Court received a submission from petitioner.  Dkt. No. 18.  The Court ordered that, to the extent the submission was a motion for a default judgment, said motion was denied because respondent timely answered the petition.  Dkt. No. 19, Text Order dated 12/26/19.  Moreover, to the extent petitioner intended his submission to be in support of his prior request for a subpoena, that request was already denied in the October Order.  *Id.*  Lastly, to the extent petitioner intended the submission to act as a motion for discovery, the submission was denied because piecemeal litigation is not allowed by the Court.  *Id.*  If petitioner wished to file exhibits in support of a motion, he must first file a proper motion before the Court.  *Id.*

On December 30, 2019, the Court received several submissions from petitioner.  Dkt. No. 20, Motion for Discovery/Expand the Record; Dkt. No. 21, Traverse; Dkt. Nos. 22, 25, 26, Exhibits in Support of Traverse; Dkt. No. 24, Motion for Default Judgment.  Respondent opposed the motion for discovery.  Dkt. No. 24.  On January 8, 2020, the Court also received a request from petitioner for court-appointed counsel.  Dkt. No. 27.

For the following reasons, petitioner's motions for discovery, default judgment, and appointment of counsel are denied.  Further, the matter is now fully briefed.  No further

2

submissions are required from either party. The petition will be decided in due course.

II.    **PETITION**

Petitioner is presently challenging his 2018 parole revocation. Pet. at 1.[1] Petitioner contends that he appealed the decision administratively, and it was affirmed. *Id.* at 2. Petitioner then filed multiple actions in Greene and Steuben County, which were either withdrawn or consolidated and ultimately denied on July 26, 2019. Pet. at 2; Aff. at 1-2. Petitioner also unsuccessfully attempted to appeal to the New York State Supreme Court, Appellate Division, Third Department; petitioner proffers that the New York Court of Appeals will not accept his appeal from the Third Department's decision. Aff. at 3.

Petitioner argues that he is entitled to federal habeas relief because his Due Process rights were violated. Pet. at 4. Specifically, petitioner asserts that "no probable cause hearing was conducted pursuant to [Interstate Compact for Adult Offender Supervision] Rule 5.08 and *Morrissey v. Brewer*, 408 U.S. 471[.]" *Id.* For a more complete statement of petitioner's claims, reference is made to the petition.

III.    **MOTION FOR DISCOVERY/EXPAND THE RECORD**

As an initial matter, petitioner's motion for discovery was dated on December 20, 2019 and included the notation that "if th[e motion wa]s premature or [petitioner] ha[d] mistakenly assumed an incorrect filing date [he] respectfully ask[ed] these be held in abeyance of the correct filing date[.]" Dkt. No. 20 at 11. In the October Order, petitioner was explicitly directed to wait until after he had reviewed respondent's answer and the state court record before filing another motion for discovery or to expand the record. This provided petitioner

---

[1] Citations to the parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

the opportunity to evaluate what he received and identify any specific documents which were still missing from the record and explain why those documents needed to be provided. Instead, petitioner submitted a motion which demanded production of documents he already had or vaguely and prematurely requested non-specific documents for an ambiguous purpose. Dkt. No. 20. As respondent states, petitioner failed to follow both the letter and spirit of the Court's Order. Dkt. No. 23 at 2. For this reason alone the motion should be denied.

However, even when considering the content of the motion, the Court agrees with the respondent that petitioner has failed to show good cause for any additional discovery. Petitioner claims that new evidence, in the form of forty additional pages of documents, illustrate various facts not otherwise contained within the State Court Record and contribute to the conclusion that petitioner's due process rights were violated and he was coerced into a plea agreement. Specifically, the documents demonstrate that (1) "petitioner requested a probable cause hearing . . . and that a New York State Senior Parole Officer falsified documents[, by indicating that petitioner waived the hearing,] to prevent a probable cause hearing from being conducted," Dkt. No. 20 at 1-2; (2) petitioner was never informed about his COMPAS risk assessment, or the resulting high rating he was given, which was perpetually used by the New York Division of Parole to violate his rights, *Id.* at 3-4; (3) petitioner was coerced into taking a plea and did "not understand[] the plea offer . . . or . . . any of the consequences of pleading guilty," *id.* at 7-8; and (4) the documents used for the revocation warrant and hearing were never presented to petitioner, *id.* at 8.

"A habeas petition, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

4

However, pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause. Good cause is demonstrated where the petitioner advances "specific allegations before the court [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ." *Bracy*, 520 U.S. at 909 (internal quotation marks omitted).

Most of the documents petitioner contends he requires, and which support his need for discovery, are documents petitioner already submitted during the appeal of his state writ of habeas corpus.[2] Petitioner contends that he never waived his preliminary hearing, he was entitled to said hearing, and his request for discovery will presumably uncover documents which illustrate the same. Dkt. No. 20 at 1-2. However, the SCR already contains documents that petitioner submitted to the Appellate Court which (1) indicated neither that the hearing was waived nor held (SCR at 67) and (2) explained, in the Notice of Violation, that petitioner was not entitled to a preliminary hearing for his parole violation pursuant to New York State Rules (*Id.* at 74). Similarly, petitioner contends that he was unaware of his COMPAS category designation and why he received it; however, petitioner submitted a violation of release report where his COMPAS level was indicated (*id.* at 83) and he received, during the course of the appeal, an explanation of his COMPAS violation category (*id.* at 110-13). The SCR also included the Board of Parole Appeals Unit findings and recommendations (*id.* at 72-73); the warrants of arrest (*id.* at 142-43); and the transcript of the final revocation hearing (*id.* at 32-42).

---

[2] The briefs and accompanying appendix of exhibits from petitioner's appeal of the denial of his state habeas corpus action compose the State Court Record.

5

Accordingly, petitioner's contentions that good cause supports his requests for discovery are unavailing. The documents which petitioner alludes to needing are already in his possession. There is no need to conduct discovery for documents the petitioner already possesses. Moreover, petitioner's arguments regarding his understanding of his plea or quality of his counsel can be understood from the colloquy that occurred during the revocation hearing, memorialized by the transcript that was included in the SCR. These are documents that have been in both parties' possession since the state court appeal, so the documents are not newly discovered and have already been before the court. *See Gonzalez v. Bennett*, No. 1:00-CV-8401, 2001 WL 1537553, at *5 (S.D.N.Y. Nov. 30, 2001) (denying discovery where information was available to petitioner at trial, he had personal knowledge of the content of his statements and transcripts, and evidence had been previously introduced before the court).

To the extent petitioner makes additional requests, outside of those documents which he already clearly possesses, such requests are vague and conclusory. Furthermore, petitioner's assertion that several unidentified documents are required for cross-referencing to see if the files may contain missing documents or documents with inconsistent information, Dkt. No. 20 at 4, represents nothing more than "a fishing expedition [to] seek[] documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

In sum, petitioner either has the documents he seeks or his purported need for additional discovery lacks the specificity required to grant said motion. Therefore, the motion

is denied.

## IV. MOTION FOR DEFAULT JUDGMENT

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the petitioner must obtain a clerk's entry of default. FED. R. CIV. P. 55(a); *see also* N.D.N.Y.L.R. 55.1. Second, under Rule 55(b)(2) the petitioner must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* N.D.N.Y.L.R. 55.2(b).

A default judgment can only be entered "[w]hen a party . . . has failed to plead or otherwise defend," an action. Fed. R. Civ. P. 55(a). In this case, petitioner sent his letter requesting default on the date the respondent's answer was due, asserting he had not yet received a copy of said answer. Dkt. No. 24. As the answer was due on or before December 20, 2019, respondent had the entire day of December 20 to file the answer and still have a timely submission, which is what occurred. Dkt. No. 16, Answer; Dkt. No. 16-1, Memorandum of Law in Opposition; Dkt. No. 16-2, State Court Record ("SCR"). Petitioner gave no time for the response to then be sent to and received by him, instead filing the present motion, again, prematurely. Further, respondent timely complied with the Court's Order to respond to petitioner's pending motion for discovery or expand the record. *See* Dkt. No. 23.

Accordingly, respondent has not failed to defend the present action. Therefore, there is no basis for the entry of a default judgment.

## V. MOTION FOR COUNSEL

Petitioner requests counsel be appointed because he claims he is "unable to litigate

[against] the Office of the Attorney General [because] the papers the respondent has filed in opposition are too complex for [petitioner] to understand[]." Dkt. No. 27. Moreover, petitioner requests a phone conference on the matter because the arthritis in his hand is making it too difficult for him to continue creating written submissions for the Court and he does not otherwise know how to type. *Id.*

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court."). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2

(N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

While the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has still not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. Petitioner's argument rests primarily on his lack of legal knowledge and unfamiliarity with the law and pending proceedings. However, petitioner is not entitled to representation; therefore, the fact that he is unable to independently retain counsel does not compel the Court to appoint him an attorney. *Pennsylvania*, 481 U.S. at 555. Further, petitioner's contentions that an attorney would be more skilled in combating the respondent and presenting his legal arguments, alone, are insufficient to justify appointment of counsel. *See Voymas v. Unger*, No. 6:10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

Moreover, the content of petitioner's filings do not suggest that his claims are overly complex or that "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at *2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)). Further, petitioner has already successfully filed a reply to the respondent's opposition to his pending petition. Dkt. Nos. 21, 22, 25, 26. Accordingly, the petition is fully briefed at this point. In sum, petitioner need not do or file anything further with

9

his action and it will be evaluated by the Court on the written submissions and record already provided. See Reynolds, 2010 WL 604179, at *2.

Accordingly, at this juncture, there appears to be no special reason to appoint counsel. Further, there is certainly nothing mandating the Court to do so. Therefore, petitioner's motion is denied without prejudice.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motions for (1) discovery or to expand the record, Dkt. No. 20, and (2) default judgment, Dkt. No. 24, are **DENIED**; and it is further

**ORDERED** that petitioner's motion for appointment of counsel, Dkt. No. 27, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the action is fully briefed and before the Court for a decision. The case will be decided in due course. **NO FURTHER SUBMISSIONS ARE REQUIRED FROM EITHER PARTY**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date: January 15, 2020
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge