**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GARY G. GOAD,**

**Petitioner,**

**vs.**

**9:19-CV-965**
**(MAD/DJS)**

**SUPERINTENDENT,**

**Respondent.**

---

**APPEARANCES:** **OF COUNSEL:**

**GARY G. GOAD**
00-B-1049
Woodbourne Correctional Facility
P.O. Box 1000
Woodbourne, New York 12788
Petitioner *pro se*

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL** **PAUL B. LYONS, AAG**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On August 7, 2019, Petitioner Gary G. Goad, an inmate in the custody of the New York State Department of Corrections and Community Supervision, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Petitioner claims that: (1) he was deprived of his due process rights when he did not receive a preliminary parole revocation hearing within fifteen days of the lodging of a parole revocation warrant against him in Virginia on

September 3, 2015; (2) he was deprived of effective assistance of counsel at his final parole revocation hearing on July 26, 2018; (3) he was improperly listed as a COMPAS level one offender in reports prepared by parole and a parole official falsely indicated that he had waived his right to a preliminary hearing when he had not; and (4) the Division of Parole failed to produce certificates of conviction for crimes he allegedly committed while on parole before he was extradited to New York on the parole warrant in July of 2018. *See* Dkt. No. 13.

In a Report-Recommendation and Order dated October 20, 2021, Magistrate Judge Stewart recommended that the Court deny the instant petition in its entirety. *See* Dkt. No. 40. Specifically, Magistrate Judge Stewart found that (1) Petitioner's knowing and voluntary admission of his parole violation waived all prior procedural defects that allegedly occurred, including his current claims surrounding a preliminary hearing and insufficient documentation; (2) that some of Petitioner's alleged claims are not cognizable in a federal habeas proceeding; (3) that Petitioner still fails to state a due process claim despite any procedural defects; and (4) that Petitioner's failure to exhaust all available state remedies bars his current ineffective assistance claim. *See id.* at 8-10, 17. Petitioner filed objections to the Report-Recommendation and Order on November 1, 2021. *See* Dkt. No. 41.

## II. BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to the October 20, 2021 Report-Recommendation and Order. *See* Dkt. No. 40.

## III. DISCUSSION

### A. Standard of Review

#### *1. AEDPA*

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Second Circuit has noted that

> a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Rodriguez v. Miller*, 439 F.3d 68, 73 (2d Cir. 2006) (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennet*, 322 F.3d 171, 178 (2d Cir. 2003) (quotation omitted).

In providing guidance concerning the application of this test, the Second Circuit has observed that

> a state court's decision is "contrary to" clearly established federal law if it contradicts Supreme Court precedent on the application of a legal rule, or addresses a set of facts "materially indistinguishable" from a Supreme Court decision but nevertheless comes to a different conclusion than the Court did. [*Williams v. Taylor*, 529 U.S. 362] at 405-06, 120 S. Ct. 1495 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001)… [A] state court's decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the case before it. *Williams*, 529 U.S. at 413, 120 S. Ct. 1495.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" in this context to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has instructed, "'[t]he necessary predicate to this deferential review is, of course, that petitioner's federal claim has been "adjudicated on the merits" by the state court. If a state court has not adjudicated the claim "on the merits," we apply the pre-AEDPA standards, and review *de novo* the state court disposition of the petitioner's federal constitutional claims.'" *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001)). "'A state court "adjudicates" a petitioner's federal constitutional claims "on the merits" when it (1) disposes of the claim "on the merits," and (2) reduces its disposition to judgment.'" *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, the court must consider "'(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits.'" *Cotto*, 331 F.3d at 230 (quotation omitted).

***2. Review of a Report and Recommendation***

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report of specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B. Due Process Claim**

Petitioner's main argument is that his right to Due Process was violated upon the failure of New York State Parole authorities to hold a preliminary hearing within fifteen days of the filing of a parole warrant with Virginia officials in September of 2015. *See* Dkt. No. 1. He also asserts that he never waived his right to a preliminary hearing despite documentation filed during his parole proceeding that indicates otherwise. *See id.* The Court agrees with Magistrate Judge Stewart's Report-Recommendation and Order that both claims are meritless. *See* Dkt. No. 40.

Knowing and voluntary admissions made at revocation hearings waive all claims to procedural defects, effectively barring any future claims against the procedure followed at such hearings. *See Johnson v. Carlsen*, No. 09-CV-0066 2010 WL 1816343, *7 (N.D.N.Y. Mar. 29, 2010) ("Johnson waived all hearing defects by pleading guilty at his finale parole revocation hearing"), *report and recommendation adopted*, 2010 WL 1837779 (N.D.N.Y. May 5, 2010) (citing *Tollet v. Henderson*, 411 U.S. 258, 267 (1973)). Here, the record clearly indicates that petitioner knowingly and voluntarily entered a guilty plea to his parole violation on July 26, 2018. *See* Dkt. No. 40 at 15. Thus, all of Petitioner's claims regarding the timing and nature of the

parole hearings that were or were not held, as well as the documentation provided or not provided to the Parole Hearing Officer, are mooted by his admission. *Id.* at 9. Thus, Respondent correctly asserts that "[b]ecause petitioner waived his claim by pleading guilty, the claim cannot provide a basis for relief in this habeas proceeding." Dkt. No. 16-1 at 11 (citing *McCullough v. NYS Div. of Parole*, No. 11-CV-1112, 2015 WL 2340784, *9 (N.D.N.Y. Apr. 15, 2015).

Moreover, as Magistrate Judge Stewart correctly determined, several aspects of Petitioner's claims before this Court are not cognizable. Dkt. No. 40 at 10. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also Rodriguez*, 439 F.3d at 73. "Questions of state law[,]" however, are "not subject to federal habeas review." *Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012).

As Respondents explains, Petitioner's claims are "premised on an alleged violation of New York Executive Law § 259-i(3)(c)(iv), which mandates that preliminary parole revocation hearings must occur not later than fifteen days from the date of execution of a parole warrant violation." Dkt. No. 16-1 at 12. Thus, since Petitioner's claim is based on alleged state law violation, it falls outside the scope of federal habeas review. This includes Petitioner's claims that state officials improperly filled out state forms, that his state-mandated COMPAS level was miscalculated, and that state officials allegedly failed to comply with New York Executive Law § 259-i(3)(c)(iv). *See* Dkt. No. 40 at 10.

Even if considered on the merits, Petitioner has still failed to set forth a cognizable due process claim. As Magistrate Judge Stewart noted, Petitioner is "not arguing that his parole was revoked without a hearing." Dkt. No. 40 at 11. Rather, Petitioner is making a specific argument that under New York procedure, he was entitled to a preliminary hearing within fifteen days of

Virginia authorities receiving the New York parole warrant. In *Moody v. Daggett*, 429 U.S. 78, 86-87 (1976), however, the Supreme Court rejected such a claim, holding that the parolee, who was arrested for alleged out-of-state murders, was not entitled to a parole hearing within a reasonable time after being taken into custody while being detained on out-of-state charges. Accordingly, as the Report-Recommendation and Order correctly asserts, "no immediate preliminary hearing or final revocation hearing was required while Petitioner was held in connection with the Virginia charges." Dkt. No. 40 at 12 (citing *D'Amoto v. U.S. Parole Comm'n*, 837 F.2d 72, 76 (2d Cir. 1988)).

Petitioner is also incorrect in his assertion that New York State law required an immediate preliminary hearing at all. N.Y. Executive Law §§ 259 *et seq.* governs parole release, supervision, and revocation procedures. If a parole officer has reasonable cause to believe the parolee has violated a condition of release, a warrant may be issued, and the parolee may be subsequently arrested. N.Y. Exec. Law § 259-i(3)(a)(i). Parolees are then entitled to a preliminary hearing, if at all, within fifteen days from the date of execution of the warrant so a determination as to whether there is probable cause can be made. *Id.* § 259-i(3)(c)(iv). Importantly, however, arrest warrants for parole violations on parolees being supervised out-of-state are not deemed "executed" until the violator is "within the convenience and practical control of the department." *Id.* § 259-i(3)(a)(iii); *People ex rel. Matthews v. New York State Div. of Parole*, 95 N.Y.2d 640, 646 (2001). As such, Magistrate Judge Stewart correctly determined that because the fifteen-day period is not triggered until the out-of-state sentence is complete, Petitioner's argument that "he had a right to a preliminary hearing while in custody in Virginia is simply wrong as a matter of New York law." Dkt. No. 40 at 14.

**C. Ineffective Assistance of Counsel Claim**

The Court agrees with Magistrate Judge Stewart's Report-Recommendation and Order that Petitioner's ineffective assistance claims are both procedurally defaulted and otherwise unsupported by the record. *See* Dkt. No. 40 at 15-20. Petitioner alleges two distinct ineffectiveness assistance of counsel claims: (1) the alleged intoxication of his counsel and (2) counsel's failure to communicate regarding the proposed plea offer. *See* Dkt. No. 13 at 5-8.

***1. Procedural Default***

As a preliminary matter, the Court agrees with Magistrate Judge Stewart that "this ineffective assistance claim is not properly before the Court as it was not raised in the state court, and it has now been procedurally defaulted." Dkt. No. 40 at 16. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Thus, claims are not deemed exhausted until they have been fairly presented "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that the petitioner's state remedies were not exhausted when he did not include his claims in his petition for leave to appeal to his state's supreme court despite having the right to do so).

In this case, Petitioner failed to raise ineffective assistance claims in his state court appeal. *See* Dkt. No. 40 at 16 (citing S.R. at pp. 3-20). "[P]etitioner's forfeiture in state court of his [unexhausted claims] bars him from litigating the merits of those claims in federal habeas

proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom." *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991). Since Petitioner does not assert any reason for failing to raise these claims in his CPLR Article 70 petition, he cannot meet the cause and prejudice standard required to hear unexhausted claims. *See Blackshear v. Artus*, No. 9:17-CV-0143, 2019 WL 7971870, *5 (N.D.N.Y. Oct. 30, 2019).[1] As such, Magistrate Judge Stewart correctly determined that these claims are subject to dismissal based on Petitioner's failure to exhaust.

***2. Petitioner Cannot Establish an Ineffective Assistance of Counsel Claim***

Even if Petitioner's ineffective assistance of counsel claims were not unexhausted and procedurally defaulted, they nevertheless fail on the merits.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defense." U.S. Const. amend. XI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In assessing whether a habeas petitioner has been denied the effective assistance of counsel to which he is entitled under the Sixth Amendment, the court applies the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, the petitioner

[1] In his objection to the Order and Report-Recommendation, Petitioner argues that Magistrate Judge Stewart incorrectly relied on a state court habeas petition that he filed in Chemung County, not the action that he filed in Greene County. *See* Dkt. No. 41 at 1-2. While it does appear that Petitioner did file an action in Greene County Supreme Court, the docket from that case indicates that the petition was "withdrawn" on July 26, 2019. *See Goad v. Shanley*, No. 19-0292 (N.Y. Sup. Ct., Greene Cty.). The matter Petitioner filed in Chemung County Supreme Court, however, is the only action that Petitioner appealed to the Appellate Division. *See Goad v. Coveny*, 179 A.D.3d 1266 (3d Dep't 2020). As such, even assuming that Petitioner did raise his ineffective assistance of counsel claims in the matter he filed in Greene County Supreme Court, those claims would still be unexhausted since he failed to raise those claims before the Appellate Division.

> must meet a two-pronged test: (1) he "must show that counsel's performance was deficient," 466 U.S. at 687, 104 S. Ct. 2052, so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *id.* at 690, 104 S. Ct. 2052; and (2) he must show "that the deficient performance prejudiced the defense," *id.* at 687, 104 S. Ct. 2052, in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S. Ct. 2052.

*Matthews v. United States*, 682 F.3d 180, 186 (2d Cir. 2012) (quotation omitted).

As to the first prong of *Strickland*, attorney conduct is subject to an objective standard of reasonableness and is accorded deference in light of the "range of legitimate decisions" that accompanies the various circumstances encountered by counsel. *See Strickland*, 466 U.S. at 688-89. As a result, reviewing courts "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555,560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

As to the second prong of *Strickland*, a petitioner must show that, but for his or her attorney's deficient performance, there is a reasonable probability that the result would have been different. *See Strickland*, 466 U.S. at 694. More is required than a mere showing "that the errors had some conceivable effect on the outcome of the proceeding," as "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693.

"The *Strickland* standard is 'highly demanding,' … and 'rigorous[.]'" *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (quotations omitted). An ineffective assistance of counsel

claim "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Id.* (citation omitted).

Even if Petitioner's claims were not procedurally defaulted, Petitioner must meet the high bar imposed by *Strickland* for both ineffective assistance claims. In his Report-Recommendation and Order, Magistrate Judge Stewart correctly found that Petitioner cannot meet this standard for either claim. *See* Dkt. No. 40 at 18-20.

Petitioner's first claim, that his counsel was "ineffective and intoxicated[,]" is entirely conclusory. Dkt. No. 13 at 5. As Respondent correctly notes, Petitioner provides no other information regarding this allegation, yet he insists that it subsequently nullifies his guilty plea. *See id.*; Dkt. No. 16-1 at 17. Such conclusory allegations are insufficient to demonstrate ineffective assistance of counsel. *See Wise v. Superintendent of Attica Corr. Facility*, No. 08-CV-6312, 2010 WL 3943733, *9 (W.D.N.Y. Oct. 7, 2010) (finding that an "entirely conclusory" claim "cannot support a claim of ineffective assistance").

Petitioner's second claim, that his counsel failed to communicate regarding the proposed plea offer, is also unsupported by the record. *See* Dkt. No. 13 at 5-8. Regarding the first prong of *Strickland*, Petitioner's affidavit establishes only that counsel first met Petitioner at the revocation hearing but does not speak to the content of those discussion. *See* Dkt. No. 40 at 18 (citing Pet.'s Aff. at Ex. F). Thus, Petitioner "fails to demonstrate that the level of discussion with his counsel at the time of the hearing was unreasonable." Dkt. No. 40 at 18.

Petitioner similarly cannot make a showing of prejudice pursuant to the second prong of *Strickland*. The record clearly indicates that the ALJ interacted substantially with Petitioner when accepting his parole violation. The ALJ noted that as a result of the Petitioner's underlying Virginia convictions, all the parole officer would need to succeed in the matter would be to

produce certificates of conviction (which she already possessed), and that, therefore, the case was very straightforward. *See id.* at 19 (citing S.R. at p. 35-38). Moreover, as Respondent asserts, Petitioner's counsel affirmed twice on the record that she had advised him of his rights with regard to the plea. *See* Dkt. No. 16-1 at 18. Petitioner also never made any indication that did not have sufficient discussions with his counsel at any point. *See id.*

Thus, the Court agrees with Magistrate Judge Stewart's Report-Recommendation and Order that, under the circumstances, the decision to enter an admission for a compromise parole revocation sentence which could reduce his exposure was a reasonable and intelligent one. Dkt. No. 40 at 19. As a result, the record shows that nothing counsel did or failed to do would have affected the outcome of the proceeding. *See id*. Therefore, the Court agrees with Magistrate Judge Stewart's Report-Recommendation and Order that the record "simply does not establish any prejudice." *Id.* at 20. Rather, the plea here was a reasonable course of action and Petitioner can show no harm. *See McCullough v. N.Y.S. Div. of Parole*, No. 9:11-CV-1112, 2015 WL 2340784, *7 (N.D.N.Y. Apr. 15, 2015).

As such, the Court finds that Petitioner's ineffective assistance of counsel claims must be denied, in the alternative, on the merits.

**D. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[2] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

## IV. CONCLUSION

Having carefully reviewed the October 20, 2021 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's **Report-Recommendation and Order** (Dkt. No. 40) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 20, 2022
Albany, New York

Mae A. D'Agostino
U.S. District Judge